IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:05CR54 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND ORDER |
| ) | |
| GERALD JACKSON, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the government's objections, Filing No. 28, to the report and recommendation ("R&R") of the United States magistrate judge ("magistrate"), Filing No. 27.  An evidentiary hearing was held on the motion on May 20, 2005.  See Filing Nos. 25, Transcript of Hearing ("Hrg. Tr.") and 24, Exhibit List.  The defendant is charged with the using a computer to entice a minor to have sexual contact in violation of 18 U.S.C. § 2422(b).[1]  Filing No. 1.  Defendant premised his motion to dismiss on the Fifth and Sixth Amendments to the Constitution.[2]

The magistrate recommended that this court grant defendant's motion to dismiss the indictment for a violation of his right to a speedy trial, Filing No. 15.  R&R at 7.  The government objects the recommendation, contending that the defendant's right to a speedy trial was not violated because the Sixth Amendment applies only to post-indictment delay

---

[1]That statute provides that "[w]hoever, using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 5 years and not more than 30 years."  18 U.S.C. § 2422.

[2]At the hearing, defendant purported to abandon his Fifth Amendment claim, but the ensuing colloquy shows some confusion in that regard.  See Hrg. Tr. at 2-3.  Defense counsel's comments show that he intended to assert a violation of "the one that says you have a right to a speedy and public trial, whichever one that is."  Id. at 3.  Additionally, the parties argued and the court addressed issues relating to prejudice relevant to a Fifth Amendment analysis.  See id. at 23-26.  Under the circumstances, the court will not consider the claim abandoned.

and defendant cannot show prejudice for purposes of the Fifth Amendment.  *See* Filing No. 28.

Under 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review. Accordingly, the court has reviewed the record, including the transcript of the hearing, exhibits and briefs, on the motion.  The court concludes that the government's objections to the R&R should be overruled, the magistrate's R&R should be adopted and defendant's motion to dismiss should be granted.

**I.  Background**

The facts are adequately set out in the R&R and need not be fully repeated here. *See* Filing No. 27.  The court generally adopts the magistrate's factual findings and supplements them as necessary to the court's decision.  Briefly, the record shows that defendant allegedly participated over the Internet in sexually-suggestive online chats with United States Postal Inspector David Margritz, who was posing as a fourteen-year-old girl as part of a "sting" operation, between July 2001 and August 14, 2001.  On August 15, 2001, the defendant was charged in the District Court of Douglas County, Nebraska, with conspiracy to commit sexual assault.  The state court charge was dismissed on February 11, 2002.  The defendant was then informed that his computer had been turned over to the Federal Bureau of Investigation ("FBI") for possible federal prosecution.

The defendant was indicted in this court on February 24, 2005, although the record shows that the case was first presented to the United States Attorney on November 3, 2002.  The government concedes that it was responsible, by oversight or neglect, for the entire period of delay from November 3, 2002, to February 24, 2005 (twenty-seven months).  Although there has been no showing of intentional misconduct by the

government, the court notes that there have been other instances of excessive delay attributable to the government's negligence in this district. *See, e.g, United States v. Wright*, No. 8:01CR63 (D. Neb. Jan. 15, 2005); *United States v. Rinehart*, No. 8:90CR12, (D. Neb. Feb. 10, 1995).

The magistrate concluded that the defendant's right to a speedy trial had been violated, balancing the four factors—the length of the delay, the reason for the delay, the defendant's assertion of his right, and the prejudice suffered by the defendant—identified in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The magistrate found that the delay of over twenty-seven months was uncommonly long, that the government was responsible for the delay, that the defendant had filed his motion asserting speedy trial rights in due course, and that the defendant suffered prejudice because of the delay. R&R at 5, 6. The court agrees with the magistrate's assessment of the *Barker* factors. For the reasons discussed below, the court finds that the delay also violates the defendant's Fifth Amendment right to a fair trial.

**II. Discussion**

The court finds that the government correctly asserts that the protections accorded under the Sixth Amendment do not apply to pre-indictment delay. *United States v. Sprouts*, 282 F.3d 1037, 1040 (8th Cir. 2002). The Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences. *Id.* at 1042. Pre-indictment delay claims are governed by the Due Process Clause of the Fifth Amendment. *Doggett v. United States*, 505 U.S. 647, 651 (1992); *United States v. Lovasco*, 431 U.S. 783, 788-89 (1977) (noting that the Speedy Trial Clause of the Sixth Amendment is applicable only after a person has been accused

3

of a crime and that statutes of limitations provide the primary guarantee against bringing overly stale criminal charges); *United States v. Marion*, 404 U.S. 307, 324-25 (1971) (noting that statutes of limitation do not fully define the rights of criminal suspects to be speedily accused). *See also United States v. Jackson,* 504 F. 2d 337, 338 (8th Cir. 1974) (holding that an unreasonable pre-accusation delay, coupled with prejudice to the defendant, may violate the Fifth Amendment). A defendant may invoke due process to challenge delay both before and after official accusation. *Doggett*, 505 U.S. at 655 n.2; *United States v. MacDonald*, 456 U.S. 1, 7 (1982). "A defendant has no duty to bring himself to trial; the State has that duty as well as the duty of insuring that the trial is consistent with due process." *Barker*, 407 U.S. at 527.

The Due Process Clause thus has a limited role to play in protecting against oppressive delay. *Lovasco*, 431 U.S. at 788. In the due process context, the court is to determine whether compelling respondent to stand trial after a delayed indictment violates "those 'fundamental conceptions of justice which lie at the base of our civil and political institutions,' and which define 'the community's sense of fair play and decency.'" *Id.* (quoting *Mooney v. Holohan*, 294 U.S. 103,112 (1935), and *Rochin v. California*, 342 U.S. 165, 173 (1952). The four-factor balancing test of *Barker v. Wingo* provides "the relevant framework" to determine whether a delay is reasonable in the due process context. *United States v. $8,850*, 461 U.S. 555, 563 (1983) (involving a forfeiture case) (noting that "these elements are guides in balancing the interests of the claimant and the Government to assess whether the basic due process requirement of fairness has been satisfied in a particular case.").

A balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis. *Barker,* 407 U.S. at 530. In the due process context, proof of actual prejudice alone will not establish a violation. *Lovasco*, 431 U.S. at 789. The due process inquiry must consider the reasons for the delay as well as the prejudice to the accused. *Id.* Thus, where actual prejudice is established, the court must balance the reasons for the delay against the resulting prejudice. *United States v. Bartlett*, 794 F.2d 1285, 1289 (8th Cir. 1986). *See also United States v. $8.850*, 461 U.S. at 863 (rejecting the notion that deliberate or reckless governmental conduct must be when a due process interest is at stake).

The same prejudice requirement is applicable to cases of pre- and post-indictment delay. *See United States v. Valenzuela-Vernal*, 458 U.S. 858, 868 (1982) (involving Confrontation Clause and discussing speedy trial rights). "[P]rejudice to the defendant must be considered in the light of the interests the speedy trial right was designed to protect: ' (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.'" *Id.* (quoting *Barker*, 407 U.S. at 532). The most serious consideration is impairment of the ability to mount a defense "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker*, 407 U.S. at 532. However, consideration of prejudice is not limited to "specifically demonstrable" injury, and "affirmative proof of particularized prejudice" is not essential to every speedy trial claim. *Doggett*, 505 U.S. at 655 (noting that impairment of one's defense is the most difficult form of speedy trial prejudice to prove).

In the due process context, courts must consider the prejudice occasioned by restrictions on liberty interests that are short of total deprivations. *See, e.g.*, *United States v. $8,850*, 461 U.S. at 563 (analogizing deprivation of a property interest to the liberty restriction imposed by bail conditions in forfeiture context and finding a due process due process claim involving the length of time between a seizure and the initiation of the forfeiture trial "mirrors the concern of undue delay encompassed in the right to a speedy trial"). Wholly aside from possible prejudice to a defense on the merits, "inordinate delay . . . may 'seriously interfere with the defendant's liberty . . . may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.'" *Moore v. Arizona*, 414 U.S. 25, 26 () (per curiam) (quoting *Marion*, 404 U.S. at 320). The stigma attached to certain accusations can implicate a liberty interest in one's reputation and good name that triggers due process protections. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 572 (1972). Likewise, even if an accused is not incarcerated, he can be disadvantaged by "living under a cloud of anxiety, suspicion and hostility." *Barker*, 407 U.S. at 401.

In assessing the government's reason for the delay, the Due Process Clause of the Fifth Amendment would require dismissal of an indictment if, in addition to a showing of substantial prejudice to appellee's right to a fair trial, it were shown that the pre-indictment delay "was an intentional device to gain tactical advantage over the accused." *See Lovasco*, 431 U.S. at 795 & n.17. However, delays occasioned by a legitimate investigation or a prosecutorial desire to "weigh and sift evidence to ensure an indictment is well-founded" do not offend due process. *See United States v. $8,850*, 461 U.S. at 563; *Lovasco*, 431 U.S. at 795 (to prosecute following investigative delay does not deprive a

6

defendant of due process); *Barker*, 507 U.S. at 531 (noting that a valid reason, such as a missing witness, should serve to justify appropriate delay).

Accordingly, different weights are assigned to different reasons the government assigns to justify the delay: a "deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government"; whereas, "a more neutral reason such as negligence or overcrowded courts should be weighted less heavily." *Barker*, 507 U.S. at 531; *Doggett*, 505 U.S. 657 (between diligent prosecution and bad-faith delay, official negligence in bringing an accused to trial occupies the middle ground). Conduct amounting to negligence, inadvertence or failure to communicate should be considered "since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Id.* Negligence or inadvertence causing a lengthy delay can constitute "an additional element of culpability on the Government's part sufficient in the circumstances to tip the due process balance and require dismissal." *United States v. Barket*, 530 F. 2d 189, 195 (8th Cir. 1976). "Toleration of such negligence varies inversely with its protractedness, and consequent threat to the fairness of the accused's trial." *Doggett*, 505 U.S. at 657 (noting that "[c]ondoning prolonged and unjustifiable delays in prosecution would . . . encourage the government to gamble with the interests of criminal suspects assigned a low prosecutorial priority" and stating the Government "can hardly complain too loudly, for persistent neglect in concluding a criminal prosecution indicates an uncommonly feeble interest in bringing an accused to justice").

In the present case, the government concedes that the delay in prosecution was due only to its own negligence. The government does not contend that it needed any time to assemble evidence against the accused. The government had all the evidence against

Jackson it needed and had no reason to delay bringing federal charges against him. The government also concedes that the original prosecutor assigned to this case had assigned it a low priority. This is not a case where the government needed additional time to complete its investigation or where it needed more evidence to establish probable cause or to prove guilt beyond a reasonable doubt.

The charges against defendant both in state and federal court, conspiracy to commit sexual assault and use of a computer to entice a minor for sexual activity, are particularly stigmatizing. The defendant has been deprived of property seized as evidence since August 14, 2001. More than forty-two months elapsed between the time defendant Jackson was first arrested and the date he was indicted on federal charges. A delay of twenty-seven of those months is directly attributable to the negligence of the United States.

The court finds defendant has been prejudiced by the anxiety and concern attendant to living for almost three years a cloud of suspicion and anxiety due to the knowledge of an impending prosecution. Significantly, defendant had notice of federal interest in prosecution and had no reason to doubt the imminent charges because his computer had not been returned. Defendant has also been hampered in his defense by the passage of time and the dimming of memories, as well as being deprived of access to the evidence against him. As a result of the government's conduct, he has been unable to clear his name in spite of the state court dismissal of charges that involve damage to his reputation.

Weighed against these elements of prejudice is the fact that the government has no legitimate reason for the delay. It assigned a low priority to the prosecution and failed to diligently pursue it. Although there has been no showing of intentional misconduct by the government, the length of the delay is extensive. The length of the delay weighs

against the government. Culpability for negligence increases with the length of the delay. Because the government had no legitimate reason for the delay, defendant should not bear the consequences of the delay. It is the government that is charged with the responsibility that defendants receive fair trials. The court finds a protracted delay of twenty-seven months poses a threat to the fairness of defendant's trial and is not tolerable under the circumstances.

In considering the due process implications of both the pre-indictment and post-indictment delay in this case, the court finds defendant's due process right to a fair trial has been in fringed by the unreasonable delay in the government's prosecution of this case. Accordingly, for these reasons as well as those outlined in the R&R, the court finds that defendant's motion to dismiss should be granted.

THEREFORE, IT IS ORDERED that:

1. The government's objection, Filing No. 28, to the report and recommendation of the magistrate is overruled;
2. The report and recommendation of the magistrate, Filing No. 27, is adopted.
3. The defendant's motion to dismiss, Filing No. 15, is granted; and
4. This action is dismissed.

DATED this 11th day of August, 2005.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
UNITED STATES DISTRICT JUDGE